## JOHNSON ET AL. *v.* BOARD OF EDUCATION OF THE CITY OF CHICAGO ET AL.

No. 81–1097.   Decided June 7, 1982

PER CURIAM.

This case was commenced by petitioners challenging the voluntary adoption by the Board of Education of the city of Chicago of racial quotas on enrollment at two high schools. Petitioners alleged that the quotas, purportedly designed to arrest "white flight," were unlawful because they resulted in the denial of admission to those schools of some black applicants but no white applicants.   The District Court upheld the plan, and the Court of Appeals affirmed.   604 F. 2d 504 (CA7 1979).   We granted certiorari, 448 U. S. 910 (1980), but then vacated the judgment and remanded the case "for further consideration in light of the subsequent development described in the suggestion of mootness filed by respondents."   449 U. S. 915 (1980).   That development was the entry of a consent decree in a related case, *United States* v.

*Board of Education of Chicago,* No. 80–C–5124 (ND Ill.), in which the Board of Education agreed to develop a systemwide integration plan, and the Board's announcement that it had abandoned use of the racial quotas at the two high schools.  The Court of Appeals remanded to the District Court to consider the suggestion of mootness.  645 F. 2d 75 (1981).  That court, finding that the Board had readopted the quotas, concluded without taking further evidence that the challenge was not moot.  The Court of Appeals, agreeing that the case was not moot and relying upon the doctrine of the law of the case, affirmed without reconsidering the constitutional challenge to the racial quotas in light of the subsequent development that the Board argued eliminated or reduced any discriminatory effects of the quotas.  664 F. 2d 1069 (1981).  Petitioners have now renewed their request for review.

We agree with the Court of Appeals that the case is not moot and that the subsequent development does not undermine that court's original decision upholding the racial quotas.  However, since if we were to grant certiorari we would consider the constitutional challenge as an original matter, the subsequent development might well be relevant to that consideration.  It was for that reason that we vacated the Court of Appeals' judgment for further consideration in light of the subsequent development.  No additional evidence was taken and therefore neither the record nor the District Court or Court of Appeals opinions reflect the subsequent development.  We therefore grant certiorari, vacate the judgment, and remand the case with the direction that the matter be consolidated with the ongoing proceeding in the District Court in *United States* v. *Board of Education of Chicago,* No. 80–C–5124, so that court may decide petitioners' challenge on the basis of a complete factual record.  Because we have vacated the Court of Appeals' judgments in this case, the doctrine of the law of the case does not constrain either

the District Court or, should an appeal subsequently be taken, the Court of Appeals.

*It is so ordered.*

JUSTICE BRENNAN would grant the petition for a writ of certiorari and set the case for oral argument.

JUSTICE WHITE took no part in the consideration or decision of this case.

JUSTICE REHNQUIST, with whom JUSTICE MARSHALL joins, dissenting.

Title 28 U. S. C. § 2106 provides that "[t]he Supreme Court . . . may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review . . . ." Our practice over many years indicates that implicit in this grant of authority is a requirement that we specify our reasons for acting as we do. Here the Court departs from that implicit requirement. The ultimate disposition of the case is the vacation of the judgment of the Court of Appeals and a remand so that this case may be consolidated with another proceeding in the District Court for the Northern District of Illinois. A reading of the Court's *per curiam* suggests that the Court is vaguely dissatisfied with the opinion of the Court of Appeals which it purportedly reviews, but no substantive judgment is made as to whether that opinion was correct or incorrect in whole or in part. Nothing in the record before us suggests to me any reason why we should assume a function more properly exercised by the Court of Appeals or by the District Court, and order consolidation of this case with another pending action in the District Court. But even if I were disposed to agree as to the propriety of the disposition now made by the Court, I would hope that something in the nature of an opinion explaining the reasons for the action would accompany the disposition. Since the Court's *per curiam* makes no effort at such an explanation, I dissent.