David Allen LOGAN,
Petitioner-Appellee,

v.

William ABSHIRE,
Respondent-Appellant.

No. 85-1290.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 1, 1985.

Decided Dec. 9, 1985.

Thomas A. Kulick, argued, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondent-appellant.

Charles J. Booker, argued, Brighton, Mich., for petitioner-appellee.

Before ENGEL and MILBURN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Appellee, David Allen Logan, was convicted of first degree murder in 1975 after a jury trial in the Circuit Court in the County of Macomb, Michigan. The Michigan Court of Appeals affirmed his conviction in 1976 and the Michigan Supreme Court denied his application for leave to appeal by an order dated August 30, 1982. The second application for a delayed appeal before the Michigan Court of Appeals was denied July 11, 1983. As to this order, the Michigan Supreme Court denied leave to appeal on March 9, 1984.

Logan then filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of Michigan and the District Judge who heard the matter granted a conditional writ.

We believe the following is a fair summary of the record of the trial in this case. On August 12, 1974, Nicholas Zerilli, the owner of Tasty Tim Ice Cream Company, was fatally shot during an armed robbery attempt at his warehouse located in Centerline, Michigan. The facts reveal that on the evening in question, the defendant, (armed with a thirty-ought-six rifle), and an accomplice entered the warehouse and ordered Mr. Zerilli to lie on the ground. Mrs. Zerilli, who witnessed the holdup, hid in the bathroom until she heard her four-year old son screaming. She left the bathroom and told the men that she was the boy's mother. The accomplice carried an eight to ten inch double-edged knife. Seconds later, Mr. Zerilli had gotten up off the ground and drawn a .38 caliber pistol. Mr. Zerilli ordered his assailants to "freeze." Mrs. Zerilli grabbed her son and fled to the bathroom. Defendant then shot Mr. Zerilli and fled.

The record discloses that two days later the defendant surrendered himself to the police. He made a voluntary statement to the police admitting that he took his father's rifle and loaded it in order to rob

Tasty Tim's. Defendant admitted that he planned the robbery for about a week prior to the fatal events. He described concealing the rifle and the black masks worn by him and his accomplice under his coat. Additionally, the defendant said that he was not under the influence of drugs or alcohol.

The rifle was found where the defendant told police that he had discarded it. Defendant's fingerprints were found on the gun. Material was found in the defendant's home which matched the material of the masks worn by the assailants. Defendant's principal defense at the time of trial was intoxication.

We believe that the District Court erred in granting the conditional writ. It would have the effect of requiring the State of Michigan to agree to reduce the conviction to manslaughter or, in the alternative, would have required retrial. Our study of this record does not show that either of these dispositions are appropriate. This case was well tried. The facts as proved before the jury show a planned and deliberate robbery with a loaded gun in the course of which the owner of Tasty Tim Ice Cream Company was fatally shot by this defendant.

The issue which complicates the conviction and was found by the District Court to require either reduction of sentence or retrial is the fact that the trial court in its instruction committed *Sandstrom* error. Part of the jury instruction given at trial read as follows:

> The statute is based on the theory that *every sane person contemplates an intent under natural, ordinary and usual consequences of his own voluntary act, unless the contrary appears from the evidence.* So that if persons are shown to have killed by any act, the natural and ordinary consequences of which would be to produce death, *then it is presumed in the law such death was intended or contemplated by the slayer.* And this is true *unless the facts and circumstances of the killing as shown by the evidence created a reasonable doubt whether or not the killing was done purposely.*

(T. 11, 424–25; emphasis added).

The District Court recognized and we recognize that this instruction does constitute error under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Our study of this record, however, indicates that respondent State of Michigan is correct in its contention that any *Sandstrom* error committed at this trial was harmless beyond reasonable doubt. No rational juror could have concluded that defendant lacked the requisite intent to commit the underlying felony under the facts of record before this jury. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Conway v. Anderson,* 698 F.2d 282 (6th Cir.1983); *Krzeminski v. Perini,* 614 F.2d 121 (6th Cir.), *cert. denied,* 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980).

The judgment of the District Court is vacated and the case is remanded for the purpose of the entering of an order denying the petition for a writ of habeas corpus.