**Arthur J. BURTON,
Petitioner-Appellant,**

v.

**Dale E. FOLTZ, Respondent-Appellee.**

No. 85–1363.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 23, 1986.

Decided Feb. 2, 1987.

Rehearing and Rehearing En Banc
Denied March 23, 1987.

Mark H. Magidson (argued), Detroit, Mich., for petitioner-appellant.

Thomas A. Kulick (argued), Lansing, Mich., for respondent-appellee.

Before WELLFORD, MILBURN and BOGGS, Circuit Judges.

MILBURN, Circuit Judge.

Petitioner-appellant Arthur Jackson Burton appeals the decision of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner argues that: (1) the law of the case doctrine precludes reconsideration by this court of issues decided on the appeal of his first petition for habeas relief; (2) the jury instruction in the state court impermissibly shifted the burden of proof on intent in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); and (3) the *Sandstrom* error was

not harmless under the standard set forth in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). As we agree with the decision of the district court and in view of the Supreme Court's recent decision in *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), we affirm.

## I.

Petitioner Arthur J. Burton's conviction for assault with intent to murder arises from the stabbing of Deborah Boulley, his former girl friend and the mother of their young daughter. On November 29, 1973, petitioner went to Boulley's home to discuss their relationship and the future of their child. When Boulley opened her door, petitioner forced his way into her house and held a gun to Boulley's head. He first attempted to convince her that he did not plan to harm her by removing the bullets from his gun.

However, when Boulley attempted to get away from him and to lock herself in her bathroom, petitioner followed her and began to stab her with a penknife. After being stabbed in the arms, neck, back, and chest approximately thirty times, Boulley fell to the floor. Petitioner then stabbed her seven or eight more times and left her in the bathroom while he ransacked the house in order to make it appear that the assault occurred during a burglary. He returned fifteen or twenty minutes later and asked Boulley whether she was still alive. When she responded, he stabbed her another eight times and threatened to kill their daughter.

Subsequently, he carried her into the bedroom and promised not to kill her if she would swear on the Bible that she would not reveal what had occurred. She did so, and he called for an ambulance. In May 1974, six months after the assault, Boulley informed the police that petitioner was her assailant.

## PROCEDURAL HISTORY

On July 22, 1985, following a jury trial, petitioner was convicted in the Recorder's Court for the City of Detroit on the charge of assault with intent to murder. At the trial, the judge gave the jury an extensive charge on the issue of intent. The instruction included the following illustration challenged by petitioner:

> Now I have given you some illustrations. I hope you remember those. That if a person say pointed a gun at a man's toe and shot him, that would be one thing, but if the person pointed the gun at somebody's head and fired on him and later on said well I didn't intend to kill him, I just intended to hurt him, *you see the law presumes that an ordinary human being intends the ordinary consequences of his or her acts. You couldn't run back and say, oh, well, I didn't intend it to go that far, when you pointed it or you actually fired on somebody at a vital—at a portion of the person's body.* (Emphasis supplied).

Petitioner was sentenced to life imprisonment. The Michigan Court of Appeals affirmed the conviction, *People v. Burton*, No. 25591 (Mich.App.1977), and the Michigan Supreme Court denied leave to appeal.

Thereafter, Burton filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court for the eastern district of Michigan. The district court denied the petition on February 4, 1980. We reversed and remanded with instructions to grant the writ, concluding that the jury instruction deprived petitioner of due process of law by shifting the burden of proof on the issue of intent. *Burton v. Bergman*, 649 F.2d 428 (6th Cir.1981). Furthermore, we determined that the error was not harmless because "the jury might have entertained a reasonable doubt" that petitioner possessed the requisite intent. *Id.* at 432. The Supreme Court *vacated* this court's decision and remanded for reconsideration in light of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which requires dismissal of habeas corpus petitions containing exhausted and unexhausted claims. *Bergman v. Burton*, 456 U.S. 953, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982).

On remand, the district court allowed petitioner to amend his petition and granted the writ. We again reversed in an unpublished opinion on the ground that the district court erred by allowing an amendment instead of dismissing the petition. *Burton v. Bergman,* 729 F.2d 1460 (6th Cir.1984). Subsequently, the district court dismissed the petition.

Petitioner then filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the second petition, and Burton filed this appeal raising the following issues:

A. whether the law of the case doctrine bars reconsideration of issues decided in the appeal of his first petition for habeas relief;

B. whether the jury instruction impermissibly shifted the burden of proof on the issue of intent in violation of *Sandstrom v. Montana,* 442 U.S. 510 [99 S.Ct. 2450, 61 L.Ed.2d 39] (1979); and

C. whether the alleged *Sandstrom* error was harmless under the standard set forth in *Chapman v. California,* 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967).

## II.

### A.

Petitioner contends that this court is precluded from reconsidering issues decided in his first appeal. Specifically, he argues that we are bound by the determination of a prior panel of this court that "the inference that petitioner intended to murder Ms. Boulley when he assaulted her is by no means inescapable." *Burton,* 649 F.2d at 432.

As discussed above, our prior decision reversing and remanding to the district court with instructions to grant the writ was *vacated* by the Supreme Court. Consequently, we must now determine whether our prior *vacated* decision is in any way binding as the law of the case in the present appeal, which involves petitioner's second petition for habeas relief.

In *Harrington v. Vandalia-Butler Board of Education,* 649 F.2d 434 (6th Cir.1981), we determined that "a judgment on the merits ... will be deprived of its conclusive effect only if it is *vacated,* reversed, or set aside on direct appeal." *Id.* at 438 (emphasis supplied). Although this statement is properly characterized as dictum, it is supported by decisions from other circuits. *See, e.g., De Nafo v. Finch,* 436 F.2d 737, 740 (3d Cir.1971) (per curiam). Furthermore, in *Johnson v. Board of Education,* 457 U.S. 52, 102 S.Ct. 2223, 72 L.Ed.2d 668 (1982) (per curiam), the Supreme Court *vacated* a judgment and declared that the law of the case doctrine would not constrain the district court or court of appeals upon reconsideration of the case.

■ Petitioner contends that the prior decision as to his first petition should be given effect as the law of the case because the prior decision was *vacated* on procedural and not substantive grounds. He relies on *Hill v. Western Electric Co.,* 672 F.2d 381 (4th Cir.), *cert. denied,* 459 U.S. 981, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982), in which the court determined that it *may* be appropriate to reinstate the findings and conclusions supporting a judgment vacated on procedural grounds once the defect has been cured. *Id.* at 388 (emphasis supplied). "The critical limiting factor is of course that the error or defect must not have infected the merits of the very determination sought to be reinstated." *Id. Hill* does not stand for the proposition that such findings *must* be reinstated.

■ Even if we were persuaded by the rationale in *Hill,* its application would not require the reinstatement of the findings made in the prior determination of the petitioner's first petition for habeas relief. We conclude that the proper approach is reflected by the statement in *Harrington* that a *vacated* judgment is deprived of its conclusive effect. 649 F.2d at 438. Consequently, the prior determination by this court as to the first petition is not binding on this panel.

Another factor mitigates in favor of this conclusion. In this court's prior determination, the panel appeared to be influenced by precedent in which we had, for purposes of

the harmless error analysis, distinguished cases in which intent was contested from cases in which it was not. *Burton*, 649 F.2d at 432 n. 4. As discussed more fully below, the Supreme Court's decision in *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), minimizes the importance of this distinction. A well-established exception to the law of the case doctrine operates to allow reconsideration of issues determined in prior proceedings when the controlling law has been changed. *See, e.g., Amen v. City of Dearborn*, 718 F.2d 789, 793–94 (6th Cir.1983), *cert. denied*, 465 U.S. 1101, 104 S.Ct. 1596, 80 L.Ed.2d 127 (1984); *In re United States Steel Corp.*, 479 F.2d 489, 493–94 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973).

**B.**

■ In *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the Supreme Court held that a criminal defendant's due process rights are violated when he is convicted on the basis of a jury instruction which a reasonable juror may interpret to shift the burden of proof on an element of the crime or to create a conclusive presumption with respect to an element of the crime which must be proved by the state beyond a reasonable doubt. In the present case, the jury was instructed that "the law, presumes that an ordinary human being intends the ordinary consequences of his or her acts." We agree with the district court's conclusion that this charge is "virtually indistinguishable" from the one found to be constitutionally defective in *Sandstrom*, and that the instruction unconstitutionally shifted the burden of proof on the issue of intent to the petitioner.

However, even though the trial court erred in giving the instruction quoted above, petitioner's conviction will be upheld if the error was harmless beyond a reasonable doubt. *Rose*, —— U.S. at ——, 106 S.Ct. at 3108–09; *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We have consistently held that a *Sandstrom* instruction may be harmless error under certain circumstances. *Logan*

*v. Abshire*, 778 F.2d 283 (6th Cir.1985) (per curiam) (defendant admitted premeditation); *Martin v. Foltz*, 773 F.2d 711 (6th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986) (defense of non-participation); *Engle v. Koehler*, 707 F.2d 241 (6th Cir.1983) (per curiam) (error not harmless when intent was contested), *aff'd by an equally divided Court*, 466 U.S. 1, 104 S.Ct. 1673, 80 L.Ed.2d 1 (1984); *United States v. Crowder*, 719 F.2d 166, 173 (6th Cir.1983) (en banc) (error harmless when instruction had "little or no application to any contested issue in the case"), *cert. denied*, 466 U.S. 974, 104 S.Ct. 2352, 80 L.Ed.2d 825 (1984); *United States v. Williams*, 665 F.2d 107 (6th Cir.1981) (error not harmless when element of knowledge was contested). Application of the harmless error standard permits the reviewing court to uphold the conviction only if it "may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, —— U.S. ——, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986); *see Merlo v. Bolden*, 801 F.2d 252, 257 (6th Cir.1986).

Petitioner contends that, because his defense at trial was predicated on the presumption of innocence and the state's burden of proving every element of the crime beyond a reasonable doubt, the error in this case cannot be harmless. He relies on a series of decisions in which this court emphasized the prejudicial effect of a *Sandstrom* instruction when the defendant contested the element of intent. This analysis was explained in *Engle v. Koehler*, 707 F.2d at 246:

> If the defendant acknowledges that an intentional, malicious killing occurred and only claims non-participation, then a *Sandstrom* instruction may be harmless. Conversely, if the defendant asserts lack of *mens rea*, a *Sandstrom* instruction can be extremely prejudicial even if overall proof of intent or malice is substantial.

*See Martin*, 773 F.2d at 719; *Conway v. Anderson*, 698 F.2d 282, 285 (6th Cir.), *cert. denied*, 462 U.S. 1121, 103 S.Ct. 3092, 77 L.Ed.2d 1352 (1983).

Despite petitioner's contentions concerning the nature of his defense at trial, the district court found, and we are inclined to agree, that petitioner's defense was nonparticipation.[1] However, even if we assume that petitioner's intent was in issue, that determination will not necessarily preclude a finding of harmless error. The Supreme Court has recently determined that a *Sandstrom* error can be harmless even when the element of intent is contested. *Rose,* —— U.S. at ——, 106 S.Ct. at 3108–09. As earlier indicated, the question is whether, upon consideration of the whole record, "the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Id.* at ——, 106 S.Ct. at 3109 (quoting *Connecticut v. Johnson,* 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting)).

In *Rose,* the respondent was convicted in a Tennessee court on two counts of murder. He sought habeas corpus relief on the ground that the jury instruction unconstitutionally shifted the burden of proof on the issue of malice. The district court found that the instruction violated respondent's due process right and that the error could not be harmless because respondent defended on the ground that he lacked the requisite intent to commit the crime. *Clark v. Rose,* 611 F.Supp. 294, 299–302 (M.D.Tenn.1983). This court affirmed in an unpublished opinion. *Clark v. Rose,* 762 F.2d 1006 (6th Cir.1985).

The Supreme Court reversed, holding that a *Sandstrom* error "is not 'so basic to a fair trial' that it can never be harmless." *Rose,* —— U.S. at ——, 106 S.Ct. at 3107. When review of the record as a whole indicates that the evidence of intent is "overpowering," a finding of harmless error is appropriate. *Id.* at ——, 106 S.Ct. at 3108–09.

Thus, to the extent that *Conway, Engle* and *Martin* instruct that a *Sandstrom* error cannot be harmless where a defendant challenges the element of *mens rea,* they are modified by *Rose* and no longer represent the correct statement of the law in this Circuit. In light of *Rose,* our determination of whether a *Sandstrom* instruction is harmless will no longer be "largely a function of the defense asserted at trial." *Engle,* 707 F.2d at 246; *see also Conway,* 698 F.2d at 285. Rather, we will apply the traditional *Chapman* harmless error analysis to determine whether the record, examined in its entirety, establishes guilt beyond a reasonable doubt. The specific inquiry in a *Sandstrom* case will be "whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Connecticut v. Johnson,* 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 973 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting) (approved in *Rose v. Clark,* 106 S.Ct. at 3109).

*Merlo,* 801 F.2d at 257.

Application of the foregoing standard to the facts of the instant case supports the conclusion that the district court's opinion must be affirmed. This is not a case in which the jury was precluded from considering the issue of intent. *Cf. Hoover v. Garfield Heights Municipal Court,* 802 F.2d 168, 177–78 (6th Cir.1986) (failure to instruct the jury on an essential element of the crime charged precluded application of the harmless error analysis). Rather, this is a case in which the court charged the jury that it could presume intent only if it found that petitioner was guilty of the underlying act charged. In *Rose,* the Court noted that when "the predicate facts conclusively establish intent, ... the erroneous instruction is simply superfluous: the jury has found, in *Winship's* words, 'every fact necessary' to establish every element of the offense beyond a reasonable doubt." —— U.S. at ——, 106 S.Ct. at 3108 (citation omitted).

In the present case, the jury was required to find, and the guilty verdict estab-

---

1. We note that a panel of this court earlier described the theory of the defense as the failure of the prosecutor to prove every element of the case beyond a reasonable doubt. *Burton,* 649 F.2d at 430. As discussed above, this characterization is not binding upon this panel.

lishes that it did find beyond a reasonable doubt, that petitioner was the assailant who attacked Deborah Boulley. Moreover, the undisputed facts in this case create an overwhelming inference of intent. Petitioner stabbed the victim approximately thirty-seven times. After he ransacked the house and returned to find that she was still alive, he stabbed her another eight times. Under circumstances such as these, we are confident in concluding "beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Merlo*, 801 F.2d at 257 (quoting *Connecticut v. Johnson*, 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 982 n. 5 (Powell, J., dissenting)). Accordingly, we hold that the *Sandstrom* error was harmless beyond a reasonable doubt.

### III.

For the reasons stated, the judgment of the district court dismissing the petition for habeas corpus is AFFIRMED.