817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. CASPER, Petitioner-Appellee,
v.
William F. GRANT, Superintendent, Corrections Camp Program,
Respondent-Appellant.
 No. 86-1639.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Casper petitions this court for a writ of habeas corpus, asserting that the trial court's jury instructions unconstitutionally shifted the burden of proof regarding intent in his trial for first degree murder. The district court adopted the recommendation of the magistrate below and granted a conditional writ of habeas corpus. We have reviewed the record and heard oral argument in this case and we now affirm. the district court and order that the writ of habeas corpus be granted.
 
 
 2
 Robert Casper was convicted of first degree murder in Michigan, following a jury trial in May of 1967, and was sentenced to life imprisonment with his co-defendant David Bunker. His conviction was affirmed by the Michigan Court of Appeals on June 26, 1970. People v. Casper, 25 Mich. App. 1 (1970). In 1979 Casper filed a delayed motion for a new trial alleging he was denied his 14th Amendment right to due process in that the jury instructions removed the factual issue of malice from the jury. That motion was denied on the merits at all levels in the Michigan court system. Casper filed for federal habeas relief on December 6, 1984, and it is the district court's 1986 judgment that we now affirm on the basis that the trial court's instructions on intent violated Sandstrom v. Montana, 442 U.S. 510 (1979) and created reversible error.
 
 
 3
 On December 23, 1966, Robert Casper was a passenger in a stolen car driven by David Bunker when Bunker shot a gas station attendant who had just finished pumping gas for them. The car sped off and the two were apprehended after a high speed chase. The gun was later found along the side of the road and thirty-six dollars were found missing from the victim's cash.
 
 
 4
 Robert Casper did not take the stand in his own defense but David Bunker testified in his behalf, attempting to characterize Casper as an innocent bystander. In closing argument, Casper's attorney strongly urged that he lacked the requisite intent to commit the murder and that he was merely present when it occurred. The prosecutor said in his closing argument "[it] is the People's contention that this was a wilful, deliberate premeditated act on the part of both of the accuseds". Thus, it is not true, as appellants argue, that the prosecution's sole theory for conviction was felony murder. Rather, intent was a crucial issue at trial. That Casper did not pull the trigger is of no consequence since his probable acts of reloading the gun and throwing it out the window during the chase would make him an accessory after the fact.
 
 
 5
 In his instructions to the jury, the Michigan Circuit Judge did not instruct solely on the theory of felony murder. Rather, he instructed on first degree murder, second degree murder, felony murder, and manslaughter. He then proceeded to give instructions on intent which are indisputably in violation of Sandstrom v. Montana.
 
 
 6
 A part of the judge's instructions were as follows:
 
 
 7
 When certain facts exist, the law provides that you, the jury, shall presume an intent to kill exists unless evidence to the contrary is offered. When certain facts exist the law provides that you may infer an intent to kill....
 
 
 8
 Now, in this case a gun was used. I instruct you that the law presumes an intent to kill if a person kills another or contributes to the death of another or accelerates the death of another by an act naturally tending to cause death or serious bodily injury and there is no evidence to the contrary. I instruct you, as a matter of law, that you may presume an intent to kill if you find the gun, that death came about by a wound inflicted by the shot of a gun because a gun, the shooting of a human being by a gun is an act naturally tending to cause death or naturally tending to cause serious bodily injury.... In a case of this kind it would be rather ridiculous to presume that this particular gun, that the natural consequences of a wound by this particular gun would not be to kill or not to inflict great, serious bodily injury on another human being.
 
 
 9
 Such instructions, Sandstrom holds, might reasonably allow the jury to conclude that they are directed to find against the defendant on the element of intent once another element of the crime (causing death) is established. 442 U.S. 510, 523. This then removes the State's burden of proving each element "beyond a reasonable doubt" as required by In re Winship, 397 U.S. 358, 364 (1970).
 
 
 10
 After approximately fifteen minutes of deliberation, the jury returned general verdicts of guilty of first degree murder against both defendants. In these general verdicts lies the crux of the problem.
 
 
 11
 At oral argument the State conceded that a Sandstrom error had occurred. Its argument however was that under Logan v. Abshire. 778 F.2d 283 (6th Cir. 1985), this error was harmless. The Court in Logan found that in a felony murder case, the government need only show intent to commit the underlying felony (robbery), and that therefore the instruction was harmless beyond a reasonable doubt. 778 F.2d 283, 284. We now distinguish Logan since in that case it was clear that the defendant was convicted of felony murder. here, we have no way of knowing on which theory the jury based its conviction, and such persuasion-shifting instructions may well have affected the outcome of the trial. Unlike the circumstances in Martin v. Foltz, 773 F.2d 711 (6th Cir. 1985), here, lack of requisite intent was affirmatively aserted at trial. A Sandstrom instruction thus may have served to frustrate this defense and was therefore "extremely prejudicial". 773 F.2d 711, 719.
 
 
 12
 For the foregoing reasons we find that the error committed by the trial court was not harmless. Because Sandstrom has repeatedly been held in this circuit to apply retroactively, Merlo v. Bolden, 801 F.2d 252, 255, n.1 (6th Cir. 1986); Conway v. Anderson, 698 F.2d 282, 284 (6th Cir.), cert. denied, 462 U.S. 1121 (1983), we affirm the judgment of the district court and order that the conditional writ of habeas corpus be granted.