819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Allen LOGAN, Petitioner-Appellant,
v.
William ABSHIRE, Respondent-Appellee.
 No. 86-1906.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Allen Logan appeals the denial of his petition for a writ of habeas corpus by the United States District court for the Eastern District of Michigan.
 
 
 2
 Logan was convicted of first degree murder in 1976 and was sentenced to life imprisonment by the Macomb County, Michigan, Circuit Court. The Michigan court of Appeals remanded for entry of a judgment of guilty of second degree murder, and Logan was sentenced to life imprisonment. After exhausting his state remedies, Logan brought a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan. The court conditionally granted the writ based on an instructional error under Sandstrom v. Montana, 442 U.S. 510 (1979), without addressing Logan's remaining issues. This court then reversed the district court's judgment as to the Sandstrom claim and remanded. Logan v. Abshire, 778 F.2d 283 (6th Cir. 1985). On remand, the district court considered the remaining issues and denied the petition.
 
 
 3
 On appeal, Logan argues that the writ should be granted because (1) the jury instructions constructively amended the information and deprived him of his Sixth and Fourteenth Amendment right to notice of the charges; (2) failure to instruct on the lesser included offense of manslaughter denied him due process; (3) defense counsel's admission to the jury that Logan was guilty of something, without having obtained a record waiver, denied him due process; (4) the trial court's instructions denied him due process; and (5) failure to apply People v. Aaron, 409 Mich. 572, 299 N.W.2d 304 (1980), retroactively denied him due process, equal protection, and the right to a jury trial.
 
 
 4
 Logan's counsel strenuously urges before us on appeal that the trial court's determination that there had been a constructive amendment of the information upon which he was tried was error of constitutional dimension and incapable either of cure or of application of the harmless error rule under our court's holding in Watson v. Jago, 558 F.2d 330 (6th Cir. 1977). Upon a careful review of the entire record, we are led to agree with the state that the instructions complained of did not result in a constructive amendment of the information in any event. While hardly a model of clarity, we conclude, as did the Michigan Court of Appeals, to whom that issue was addressed, that the trial judge's references to premediation and other elements of first degree murder were primarily illustrative and given in light of arguments made on behalf of Logan that his state of intoxication precluded any such consideration:
 
 
 5
 A reading of the instructions as a whole shows that the trial judge merely gave the jury a background explanation of murder theory. He did not suggest that the evidence would support a finding of deliberation and premediation. Further, the record shows that the defendant requested that an instruction of that type be given ...
 
 
 6
 People v. Logan, No. 23808, Michigan Court of Appeals, Aug. 25, 1976, p. 2.
 
 
 7
 We find ourselves in agreement with the Michigan Court of Appeals in this regard and accept its findings in all events under Sumner v. Mata, 449 U.S. 539 (1981). We find the remainder of petitioner's assertions of error to be without merit and to require no further explanation than that already adequately given by United States District Judge George E. Woods in his opinion filed in the district court on August 29, 1986. Petitioner's claim of error of failure to apply People v. Aaron, 409 Mich. 572 (1980) is, as Judge Woods pointed out, foreclosed by our court's decisions in O'Guin v. Foltz, 715 F.2d 397 (6th Cir., 1983) and Shepard v. Foltz, 771 F.2d 962 (6th Cir. 1985).
 
 
 8
 The judgment of the district court is AFFIRMED.