**Ronald L. DAVIS, Petitioner–Appellant,**

v.

**STATE OF TENNESSEE and Larry Lack, Respondents–Appellees.**

No. 87–5739.

United States Court of Appeals,
Sixth Circuit.

Argued July 28, 1988.
Decided Sept. 2, 1988.

Henry A. Martin, Federal Public Defender, Mariah A. Wooten (argued), Nashville, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen. of Tennessee, Nashville, Tenn., Kimberly Hattaway (argued), for respondents-appellees.

Before MERRITT and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

The question in this habeas case collaterally attacking a 1982 Tennessee conviction for second degree murder is whether

the conviction should be set aside because the trial court gave a malice instruction which the state concedes to be in violation of the due process clause under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The same Tennessee jury instruction—holding that malice is to be presumed from the killing itself unless the presumption is rebutted by other evidence—was found unconstitutional in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

Narrowly put, the issue is whether a *Sandstrom* error is harmless in a case in which the petitioner is convicted of murder under the felony murder rule. We hold that such an instruction is superfluous, and therefore harmless error, in a clear case of felony murder. In such cases, the petitioner's participation in the felony during which the murder is committed by another participant is a substitute for the elements of intent to kill and malice which otherwise must normally be proved in a murder case.

Here the record makes clear beyond a reasonable doubt that petitioner and another participated in a robbery at the Third Street Inn in Columbia, Tennessee, in May 1982, during the course of which the petitioner's partner in that crime intentionally killed the owner of the tavern. Petitioner was convicted of murder under Tennessee's felony murder rule. He raised the *Sandstrom* issue concerning the erroneous malice instruction on direct appeal from his conviction. On this issue, Judge Duncan of the Tennessee Court of Criminal Appeals reasoned as follows:

> The fact that the jury chose to exercise some leniency (apparently because the defender was not the actual triggerman) by reducing the defendant's crime to the lesser included offense of second degree murder cannot alter the fact that his conviction was predicated on facts showing felony murder. And as we have previously said, the element of malice is automatically supplied in felony-murder cases and need not be proved by the state.
>
> Thus, since proof of the element of malice was not required, it may not be said

that the trial court's instructions on that subject could in any way constitute reversible error.

App. 379.

The Tennessee courts have applied this same principle in other cases. *See, e.g., State v. McKay,* 680 S.W.2d 447, 451 (Tenn. 1984). Our Court has also applied this principle in a felony murder case from Michigan, *Logan v. Abshire,* 778 F.2d 283 (6th Cir.1985).

No constitutional attack is made in this case on Tennessee's felony murder rule which excuses proof of malice. Nor is any issue presented concerning the interpretation of Tennessee's felony murder rule. The single issue presented is whether a writ of habeas corpus should issue because the instructions contain a *Sandstrom* error. For the reason given above by Judge Duncan, we believe the *Sandstrom* instruction was superfluous and therefore the error was harmless.

Accordingly, the judgment of the District Court is AFFIRMED.