UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SHEILA K. MONTGOMERY,
　　　　　　*Plaintiff-Appellant,*

v.

THE STATE OF MARYLAND;
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES, Division of
Corrections; ROBERT KUPEC,
Warden; GEORGE KALOROUMAKIS,
Deputy Warden,
　　　　　　*Defendants-Appellees.*

No. 02-1998

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Senior District Judge.
(CA-00-1019-S)

Submitted: June 30, 2003

Decided: July 30, 2003

Before WILKINS, Chief Judge, and WILKINSON and
LUTTIG, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

## COUNSEL

Jonathan R. Siegel, Washington, D.C.; Robin R. Cockey, COCKEY,
BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellant.

J. Joseph Curran, Jr., Attorney General of Maryland, Andrew H. Baida, Solicitor General, Scott S. Oakley, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 2000, Sheila K. Montgomery filed this action against the State of Maryland, the Department of Public Safety and Correctional Services, and the Warden and Deputy Warden at Eastern Correctional Institution, in their official and individual capacities, alleging claims under 42 U.S.C. § 1983 (2000), and the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C.A. §§ 2601-2619 (West 1999 & Supp. 2003). Although Defendants withdrew their assertion of Eleventh Amendment immunity, the district court dismissed both counts on sovereign immunity grounds.

On appeal, the State reasserted its Eleventh Amendment immunity. This court held that the Eleventh Amendment barred all claims against the State and the Department of Public Safety, the Warden, and the Deputy Warden except the claim for reinstatement under the FMLA against the individual administrators in their official capacities. That claim, we held, was properly dismissed for failure to state a claim on which relief could be granted. *Montgomery v. Maryland*, 266 F.3d 334 (4th Cir. 2001).

The Supreme Court granted Montgomery's petition for certiorari. The Court vacated our decision and remanded the case for reconsideration in light of *Lapides v. Board of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002). We remanded the case to the district court for reconsideration in light of *Lapides*.

On remand, the district court concluded that *Lapides* did not affect its holding, and reinstated its order dismissing the § 1983 claim for failure to state a claim and the FMLA claim for lack of subject matter jurisdiction. The latter ruling was based on the court's conclusion that the FMLA did not validly abrogate the State's sovereign immunity. Montgomery appeals, raising issues only as to the FMLA claim. She therefore has abandoned the § 1983 claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

In a recent decision, the Supreme Court held that Congress effectively abrogated the states' Eleventh Amendment immunity against causes of action based on the FMLA. *Nevada Dep't of Human Resources v. Hibbs*, 123 S. Ct. 1972 (2003). Thus, the issue of whether the State can waive the immunity and then withdraw the waiver is moot in this case, as sovereign immunity does not protect the states in FMLA actions. Unless the complaint is subject to dismissal on other grounds, we must remand the case to the district court for consideration on the merits.

In our prior decision, we stated, "even if Montgomery's claim for damages could somehow survive the sovereign immunity defense, dismissal would still be proper because she has failed to state a claim upon which relief can be granted." *Montgomery*, 266 F.3d at 341. A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Montgomery argues that, as the Supreme Court vacated that decision, our holding is not binding. While that may be so, *see Johnson v. Bd. of Educ. of City of Chicago*, 457 U.S. 52, 53-54 (1982), we are persuaded that our reasoning remains valid.

Damages under the FMLA are limited to lost or denied wages, salary, benefits, or other compensation. 29 U.S.C. § 2617(a)(1)(A)(i)(I). If there have been no such losses, damages are limited to actual monetary losses such as the cost of care. § 2617(a)(1)(A)(i)(II). Montgomery alleged no lost wages or cost of care, focusing instead on

emotional distress, which, along with nominal and consequential damages, is not covered under the Act. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1277 (10th Cir. 2001) (no actual damages suffered, no grounds for equitable relief; plaintiff sought only nominal damages); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999) (plaintiff failed to show adverse employment action or damages; damages not recoverable for mental distress); *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999) (FMLA damages limited to lost salary or wages, employment benefits, or any other compensation that shows quid pro quo between employer, employee—not out-of-pocket expenses and damages for mental anguish); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728 (7th Cir. 1998) (inmate fired before FMLA leave scheduled suffered no damages recoverable under the Act).

As to Montgomery's request for injunctive relief, we addressed this issue as well in our prior decision and remain persuaded by that reasoning. Under the FMLA, an employer must restore an employee to the same or an equivalent position with equivalent benefits, pay and other conditions of employment. 29 U.S.C. § 2614(a)(1)(A), (B). Under 29 C.F.R. § 825.215(a) (2003), an equivalent position is "one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status." The equivalency requirement does not extend to "de minimis or intangible, unmeasurable aspects of the job." 29 C.F.R. § 825.215(f). As we stated previously, Montgomery's complaints are based on these de minimis and unmeasurable parts of her new assignment as compared with her old. The jobs are at the same pay grade and increment level, her classification is the same, and she received a significant raise within two months of the transfer.

Montgomery alleges that, under the notice pleading requirements of the federal system, her complaint was adequate and she should not be held to any factual allegations in her complaint. However, under Fed. R. Civ. P. 8(a), a pleading must contain: (1) a short, plain statement of the grounds for jurisdiction; (2) a short, plain statement of the claim, showing plaintiff is entitled to relief; and (3) "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Montgomery fails to show that she is entitled to relief, and her demand for judgment does not seek relief that is recoverable under the Act.

Therefore, we conclude that dismissal under Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted, is appropriate.

Her allegation that the district court erred in denying her motion to amend also lacks merit. We review the district court's denial of a motion to amend for abuse of discretion. *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Montgomery failed to make a written motion to amend in the district court; her sentence at the end of a memorandum opposing a motion to dismiss does not satisfy the requirements of Fed. R. Civ. P. 7(b), governing the form of motions. *See Ramsgate Court Townhome Assoc. v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002); *Calderon v. Kansas Dep't of Soc. and Rehab. Serv.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999). Therefore, the district court did not err in failing to act on such a motion.

Accepting all Montgomery's allegations as true and making all inferences in her favor, it is clear that she cannot prove any set of facts in support of her claim that would entitle her to relief. *Edwards*, 178 F.3d at 730. Therefore, although the district court erred in dismissing for lack of jurisdiction, the complaint is subject to dismissal for failure to state a claim on which relief can be granted. We affirm the decision of the district court dismissing her claim under the FMLA, for the reasons stated above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*