VOORHEES, District Judge,
dissenting in part:
I dissent only with respect to the panel’s decision affirming summary judgment in favor of Appellees on Appellant’s FMLA “interference” or “entitlement” claim. I concur with the panel majority on all other issues.
The FMLA requires an employer to restore an employee to “the same or an equivalent position with equivalent benefits, pay and other conditions of employment.” 29 U.S.C. §§ 2614(a)(1)(A) and (B); Yashenko v. Harrah’s NC Casino Co., LLC, 446 F.3d 541, 546 (4th Cir. 2006)(§ 2614(a) prescribes a “substantive floor” for employer’s conduct and creates “entitlements for employees”)Cmfer?mZ citations omitted). Section 825.215(a)of the Code of Federal Regulations defines “equivalent position” and explains:
An equivalent position is one that is virtually identical to the employee’s former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.
29 C.F.R. § 825.215(a) (emphasis supplied ). “The requirement that an employee be restored to the same or equivalent job with the same or equivalent pay, benefits and terms and conditions of employment does not extend to de minimis or intangible, unmeasurable aspects of the job.” 29 C.F.R. § 825.215(f).
In light of these criteria, Appellant Csicsmann contends that CIG-AMS violated the FMLA by faffing to offer him “equivalent” employment following the elimination of his pre-leave position as Server Group Manager (“SGM”). Csicsmann argues that the facts presented in this case give rise to a jury question and that the district court erred by deciding this issue as a matter of law. As discussed in greater detail below, a review of the record reveals that the differences between the SGM position and the Disaster Recovery (“DR”) position are not merely de minimis, intangible or unmeasurable. Because a reasonable jury could find that the jobs are not “virtually identical” or “substantially similar” in one or more ways expressly contemplated by the statute, a jury question exists with respect to FMLA equivalency.
The Server Group was responsible for most of AMS’s corporate server equipment for all AMS locations in the United States. As Server Group Manager, Csicsmann was tasked with primary responsibility for keeping AMS’s servers up and running around-the clock, three hundred and sixty-five days a year. Csicsmann managed and supervised a team of approximately twenty-four (24) people, was responsible for a multi-million dollar budget, had limited purchasing authority for the Server Group, *170 and reviewed monthly expenditures with AMS’s Financial Advisor to the Information Technology department. Csicsmann had partial responsibility for Sarbanes-Oxley compliance and was also the technical lead for corporate disaster recovery planning and implementation.
On February 27, 2004, the day after he returned from FMLA leave, Csicsmann was notified that he was being reassigned to DR. After reassignment, Csicsmann retained the same level of compensation, bonus eligibility, health care, and pension benefits. However, Csicsmann presents evidence that his role in DR was much narrower in scope than his role as SGM. It is undisputed that Csicsmann was no longer responsible for overseeing a departmental budget, he had no purchasing authority, he had less contact with the finance department, and had no role in the company’s Sarbanes-Oxley compliance. Appellees similarly concede that Csicsmann no longer managed or supervised anyone.
Csicsmann asserts that the DR job was a “made-up job with no real responsibilities associated with it.” More importantly, Csicsmann contends that reassignment to the DR position was more akin to a demotion than reinstatement to an equivalent position as prescribed by the FMLA. In addition to the differences in actual duties already noted, viewed in the light most favorable to Csicsmann, the following facts tend to support Appellant’s claim: 1) the DR position was never advertised or posted; 2) the new position had no “Job Description” or identifiable duties; 3) historically, DR as a whole was underfunded and had experienced little success; 4) the decision to reassign Csicsmann to DR was a last-minute decision; 5) Csicsmann had no DR job assignments for approximately 2 weeks following the reassignment; and 6)the DR position did not require the skill or effort that the SGM- position required.
In addition, the loss of supervisory or managerial authority cannot neatly be classified as de minimis, intangible, or unmeasurable. The loss of management or supervisory responsibilities affected Csicsmann’s duties in a concrete manner. Csicsmann no longer had any input regarding hiring or firing decisions and was not responsible for performing annual employee evaluations. Contrast the facts here with those presented in Montgomery v. Maryland where this court explained that “[t]he difference between “truly administrative” tasks and “answering the phone, taking messages, typing simple correspondence, and the like” is not of sufficient magnitude ... to constitute an FMLA violation.” Montgomery v. Maryland, 266 F.3d 334, 341 (4th Cir.2001) (“Montgomery I”), vacated on other grounds, 535 U.S. 1075, 122 S.Ct. 1958, 152 L.Ed.2d 1019 (2002); But see, Montgomery v. Maryland, 72 Fed.Appx. 17, 19-20 (2003) (unpublished) (although Montgomery I is not binding, “we are persuaded that our reasoning remains valid”) (“Montgomery II”). Relief from all supervisory duties would seem to be of greater import than the purported differences in duties previously addressed by this Circuit.
Csicsmann also became one step removed from his pre-leave corporate hierarchal status. Piscottia, formerly Csicsmann’s peer in terms of hierarchy of management, avers that he did not consider Csicsmann’s transfer to be a lateral move. Likewise, Carl Warner, Csicsmann’s former supervisor, was under the impression that Csicsmann would be heading up the DR project and that Piscottia would be reporting to Csicsmann rather than the other way around. Warner testified via deposition that he would not consider it a lateral move for Csicsmann to begin reporting to Piscottia. Warner also testified that he had concerns that Csicsmann would quit rather than accept the *171 DR position. Warner’s testimony tends to show that a reasonable jury could find that the DR position was not equivalent to the SGM position. At minimum, this evidence creates a triable jury issue regarding the equivalency of the DR position.
Moreover, Yashenko does not govern Csicsmann’s entitlement claim. Yashenko, 446 F.3d at 546-550(“[T]he FMLA provides no absolute right to restoration to a prior employment position.”) In Yashenko, this court was not asked to consider the equivalency of a post-leave reassignment because the plaintiff-employee did not pursue any of the then vacant positions after his previous position was eliminated. Yashenko, 446 F.3d at 550. As a result, the court’s analysis focused on whether, and under what circumstances, an employee may be entitled to return to the same position following FMLA leave. Id. The Court also found, based upon undisputed evidence, that the plaintiff-employee would have been discharged even if he had not taken FMLA leave. Id. at 550. Thus, Yashenko can be distinguished on multiple grounds.
Finally, the fact that Csicsmann’s compensation and benefits remained the same is not necessarily determinative. Given the objectives of the FMLA, “the restoration of salary, title, and benefits does not necessarily constitute restoration to the same position within the meaning of 29 U.S.C. § 2614(a)(1)(A) when the job duties and essential functions of the newly assigned position are materially different from those of the employee’s pre-leave position.” Cooper v. Olin Corp., Winchester, 246 F.3d 1083, 1090-92 (8th Cir.2001)(summary judgment improper on FMLA entitlement claim where locomotive engineer was restored to position with same job title, classification, pay, and benefits but limited to office / clerical duties).
For these reasons, I would REVERSE and REMAND on the FMLA entitlement claim only, finding that genuine issues of material fact preclude judgment as a matter of law.