**Barbara D. SCHERER, Plaintiff–Appellant,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant–Appellee.**

No. 06–2965–cv.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Victor M. Serby, Woodmere, NY, for Appellant.

Andrew I. Hamelsky, White & Williams, LLP, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Barbara D. Scherer appeals the entry of judgment following the District Court's grant of summary judgment in two separate orders to defendant-appellee The Equitable Life Assurance Society of the United States ("Equitable") on plaintiff's claims for benefits pursuant to a long-term disability insurance policy ("Policy") she has had with Equitable. On appeal, plaintiff challenges several of the District Court's conclusions as erroneous: (1) that Equitable's answer contained sufficient denials of the allegations in the Amended Complaint; (2) that *res judicata* barred plaintiff's claims for disability benefits for the period up to and including May 2, 2001, the date of the verdict in the state court action; (3) that plaintiff's remaining claims for the period after May 3, 2001 failed because plaintiff could not establish that she met the requirements of the Policy; and (4) that Equitable did not repudiate the Policy, for the purposes of plaintiff's claims for declaratory relief and entitlement to future benefits. We assume the parties' familiarity with the facts and the complex procedural history of the case.

We review a district court's decision to grant summary judgment *de novo. See, e.g., Blouin v. Spitzer,* 356 F.3d 348, 356 (2d Cir.2004).

We find the District Court's reasoning in its Memorandum and Order dated September 17, 2004 and its Memorandum and Order dated May 30, 2006, 2006 WL 1520212, persuasive, with one exception. In granting summary judgment to defendant on plaintiff's fifth and sixth causes of action, which allege defendant's repudiation of the Policy and a violation of N.Y. Gen. Bus. Law § 349 respectively, the District Court relied on its earlier decision in *Scherer v. Equitable Life Assurance Society of the United States,* 190 F.Supp.2d 629

(S.D.N.Y.2002) ("2002 Decision" or "Decision"), as the law of the case. We vacated that Decision in *Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394 (2d Cir.2003), and thus the 2002 Decision was not the law of the case. *See, e.g., Johnson v. Bd. of Edu. of Chicago,* 457 U.S. 52, 53–54, 102 S.Ct. 2223, 72 L.Ed.2d 668 (1982). Our ruling on the 2002 Decision was simply that the District Court should not have concluded that it lacked subject matter jurisdiction over Scherer's case. We did not reach any issue other than subject matter jurisdiction, and the District Court was free to adopt its prior reasoning with respect to the merits of plaintiff's claims. We conclude that the reasoning given in the 2002 Decision in support of the ruling that plaintiff did not have a viable repudiation claim is persuasive and should be upheld. We also conclude that plaintiff has waived any challenge to summary judgment on her § 349 claim by failing to address this claim in her brief.

Therefore, the judgment of the District Court is **AFFIRMED.**