■ VITO NICOLETTA, Appellant, v BERKSHIRE LIFE INSURANCE COMPANY et al., Respondents. [952 NYS2d 532]—

Under the subject policy, "total disability" is defined to mean that, due to sickness or injury, an insured cannot perform the major duties of his or her occupation. "Occupation," in turn, is defined as "the regular occupation (or occupations, if more than one) in which [the insured is] engaged at the time [the insured] become[s] disabled."

The evidence in the record, including plaintiff's testimony, establishes that, at the time plaintiff purportedly became disabled, he held himself out as a self-employed airline maintenance consultant. Plaintiff admitted that he was able to perform the duties of a consultant, and the fact that he earned no income from such activity does not alter the conclusion that this was his occupation at the time he allegedly became disabled (*see Erreca v Western States Life Ins. Co.*, 19 Cal 2d 388, 397, 121 P2d 689, 695 [1942]). Contrary to plaintiff's contention, defendants did not waive their right to assert that plaintiff was a consultant at that time. Indeed, where, as here, "the issue is the existence or nonexistence of coverage . . . the doctrine of waiver is simply inapplicable" (*Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]). Further, even if, as plaintiff asserts, he was unemployed at that time, he was not entitled to disability benefits under the terms of the policy (*see Scherer v Equitable Life Assur. Socy. of U.S.*, 2006 WL 1520212, *4, 2006 US Dist LEXIS 35609, *13 [SD NY, May 31, 2006, No. 01 Civ 10193 (CSH)], *affd* 262 Fed Appx 324 [2d Cir 2008]).

Equally unavailing is plaintiff's argument that he is totally disabled because he cannot perform certain inspection and mechanical duties he claimed to have performed when he was employed at AOG Sheet Metal. These duties contrast signifi-

cantly with the job duties listed in plaintiff's application for disability income insurance, in which he stated that he was president of the company and that his job duties were 50% technical management and planning and 50% customer relations and personnel planning. In any event, even considering plaintiff's claimed job duties at AOG, the argument fails, as plaintiff admitted that he can still perform business management duties. Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.