**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6248**

MICHEAL LEE SPENCER, SR.,

Plaintiff - Appellant,

versus

MARK L. EARLEY, Office of the Virginia
Attorney General; COMMONWEALTH OF VIRGINIA,
Department of Corrections; BRUNSWICK
CORRECTIONAL CENTER; OFFICE OF HEALTH
SERVICES; ERIC M. MADSEN; RONALD J. ANGELONE;
GENE M. JOHNSON,

Defendants - Appellees,

and

UNITED STATES OF AMERICA,

Intervenor.

**No. 07-6418**

MICHEAL LEE SPENCER, SR.,

Plaintiff - Appellant,

versus

MARK L. EARLEY, Office of the Virginia Attorney General; COMMONWEALTH OF VIRGINIA, Department of Corrections; BRUNSWICK CORRECTIONAL CENTER; OFFICE OF HEALTH SERVICES; ERIC M. MADSEN; RONALD J. ANGELONE; GENE M. JOHNSON,

                                    Defendants - Appellees,

        and

UNITED STATES OF AMERICA,

                                    Intervenor.

---

**No. 07-6460**

---

UNITED STATES OF AMERICA,

                                    Intervenor - Appellant,

        and

MICHEAL LEE SPENCER, SR.,

                                    Plaintiff,

        versus

MARK L. EARLEY, Office of the Virginia Attorney General; COMMONWEALTH OF VIRGINIA, Department of Corrections; BRUNSWICK CORRECTIONAL CENTER; OFFICE OF HEALTH SERVICES; ERIC M. MADSEN; RONALD J. ANGELONE; GENE M. JOHNSON,

                                    Defendants - Appellees,

2

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:01-cv-01578-CMH)

Argued: March 18, 2008          Decided: May 16, 2008

Before KING and DUNCAN, Circuit Judges, and Jane R. ROTH, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

Affirmed in part, reversed in part, and remanded with instructions by unpublished opinion. Judge Duncan wrote the opinion, in which Judge King and Senior Judge Roth joined.

**ARGUED:** Hannah Polikov, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Sarah Elaine Harrington, UNITED STATES DEPARTMENT OF JUSTICE, Civil Rights Division, Appellate Section, Washington, D.C., for Intervenor United States. William Eugene Thro, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Erwin Chemerinsky, James Coleman; Students Brian Andrews, Christine N. Appah, Heather H. Harrison, Lauren Tribble, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Rena J. Comisac, Acting Assistant Attorney General, Diana K. Flynn, UNITED STATES DEPARTMENT OF JUSTICE, Civil Rights Division, Appellate Section, Washington, D.C., for Intervenor United States. Robert F. McDonnell, Attorney General of Virginia, Stephen R. McCullough, Deputy State Solicitor General, William C. Mims, Chief Deputy Attorney General, Mark R. Davis, Senior Assistant Attorney General, J. Michael Parsons, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

While incarcerated at the Brunswick Correctional Center in Lawrenceville, Virginia, in 2001, Appellant Micheal Lee Spencer, Sr. ("Spencer") filed this pro se civil action against the Virginia Department of Corrections, former Virginia Attorney General Mark Earley, and several other state entities and actors (collectively "defendants" or "Virginia"). In his complaint, Spencer alleged more than twenty violations of Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. § 12131, and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a), and advanced as well several constitutional claims against individual defendants under 42 U.S.C. § 1983. After a complex procedural history which we recount below, the state defendants moved to dismiss for lack of subject matter jurisdiction. The district court granted the motion and dismissed Spencer's complaint in its entirety. Spencer appealed only the district court's decisions with respect to § 504 of the Rehabilitation Act and Title II of the ADA.

Because the district court erred in dismissing Spencer's claims under § 504 of the Rehabilitation Act, we reverse and remand with instructions to reinstate those claims. As to the Title II claims, however, counsel informed the court at oral argument that Spencer agreed to their dismissal. We therefore decline to reach

4

the question of the constitutionality of Title II's abrogation of sovereign immunity for claims against state entities not alleging constitutional violations argued in Spencer's brief. See <u>Lyng v. Nw. Indian Cemetery Protective Ass'n</u>, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

I.

Spencer is currently an inmate in the federal correctional system. According to his complaint, he suffers from a variety of mental and physical ailments, including a "seizure disorder, neurological damage, infarction (in the brain), involuntary movement disorder, memory deficit disorder, cognitive dysfunction, mobility disability, and a myriad of non-psychotic mental disorders." J.A. 19.

In 2001, while incarcerated by the Virginia Department of Corrections ("VDOC") at the Brunswick Correctional Center, Spencer filed a complaint in the Eastern District of Virginia seeking damages and injunctive relief against the former Virginia Attorney General Mark Earley, the former and current Directors of VDOC, VDOC itself, the Brunswick Correctional Center Office of Health Services, and prison psychologist Eric Madsen. He contended that defendants discriminated against him because of his disabilities,

5

in violation of Title II of the ADA, § 504 of the Rehabilitation Act, and the United States Constitution. Spencer's twenty-four claims assert an extensive pattern of wrongful behavior. For example, Spencer alleges that he was locked in the building during a fire drill, despite defendants' knowledge of his disabilities, and threatened with disciplinary action for delaying and interfering with the drill. He also contends that he was improperly denied single-cell housing and the medical services accommodations necessitated by his disabilities.

In May 2003, the district court dismissed Spencer's complaint in its entirety. The court concluded that: (1) his Title II claims against state entities and individuals in their official capacities were barred by the Eleventh Amendment; (2) his claims for injunctive relief were moot as he had been released from VDOC custody; (3) his Title II claims against named defendants in their individual capacities were improper because there is no individual liability under the ADA; (4) his Rehabilitation Act claims lacked factual support; and (5) he failed to successfully allege a violation of the Constitution, as is required to sustain a claim under 42 U.S.C. § 1983. On appeal, this court summarily affirmed the dismissal "for the reasons stated by the district court." Spencer v. Earley, 88 Fed. Appx. 599, 600 (4th Cir. 2004).

Spencer then filed a petition for a writ of certiorari, asking the Supreme Court to review the portion of our decision finding

6

that the Eleventh Amendment barred his claims against the state entities under Title II of the ADA. The Supreme Court granted certiorari, vacated this court's judgment, and remanded the case for further proceedings in light of Tennessee v. Lane, 541 U.S. 509 (2004), in which the Court held that Title II validly abrogates states' Eleventh Amendment immunity in the context of access to judicial services. See Spencer v. Earley, 543 U.S. 1018 (2004). This court, in turn, remanded the case to the district court with the same instruction. See Spencer v. Earley, No. 037037 (4th Cir. Jan. 20, 2005). On remand, Virginia filed a motion to dismiss, asserting its Eleventh Amendment sovereign immunity to suit. The district court subsequently stayed all proceedings pending the outcome of the Supreme Court's decision in United States v. Georgia, 546 U.S. 151 (2006), which presented the question of whether Title II validly abrogates states' sovereign immunity from suit in the prison context.

The Supreme Court held in Georgia that Title II does abrogate such immunity in the prison context for claims that also allege constitutional violations. Georgia, 546 U.S. at 158-59. The Supreme Court declined, however, to decide the extent to which sovereign immunity is vitiated for non-constitutional Title II claims because the lower courts had not yet determined whether the claims in that case asserted independently viable constitutional claims or purely statutory ones. The Supreme Court instructed on

7

remand that the lower courts must determine, "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."  Id. at 159.

On the heels of the decision in Georgia, the state defendants filed, and the district court granted, the motion to dismiss which forms the basis of this appeal.[1]  To frame our analysis, we set forth the district court's rationale in some detail.

The district court first found that the Supreme Court's prior order in this case, and the decisions in Tennessee v. Lane and United States v. Georgia, did not call "into question" the district court's previous dismissal of (1) Spencer's claims for injunctive relief; (2) his Title II claims against named defendants in their individual capacities; (3) Spencer's Rehabilitation Act claims; or (4) his § 1983 claims, which were previously dismissed for failure to allege a constitutional violation.  Spencer v. Earley, No. 1:01-cv-01578, *5-6 (E.D. Va. Jan. 30, 2007).  With respect to Spencer's Rehabilitation Act claims, the district court elaborated further

---

[1]While the district court's ruling was pending, the United States intervened as an appellant, pursuant to 28 U.S.C. § 2403, to defend the constitutionality of Title II of the ADA, as applied in the prison context, and § 504 of the Rehabilitation Act.

and reiterated its view that Spencer failed to present evidentiary support for his allegations. See id. at *5.

Turning to Spencer's Title II claims against the state entities and actors in their official capacities, the district court applied the framework mandated by the Supreme Court in Georgia. In doing so, it first concluded that Spencer had stated twelve valid Title II claims.[2] The court then found, however, that

_____

[2]Briefly stated, Spencer's valid Title II disability discrimination claims consisted of the following:
B. Defendants denied Spencer's reasonable request to use books to complete the required Breaking Barriers program in his cell because his disabilities prevented him from attending the classroom sessions;
D. Defendants denied Spencer's reasonable request to have meetings with his psychologist recorded for future use because his disabilities prevented him from taking notes;
F. Spencer was denied "single-cell housing and medical services accommodations," as necessitated by his disabilities, and the warden denied his reasonable request pertaining to access to the general population mess hall;
H. Defendants required Spencer to "perform feats, which by reason of his disabilities placed him at substantial risk of irreparable physical injury" by requiring him to stand in an outdoor medication dispensing line on thirty occasions;
K. Defendants locked Spencer in his building during a fire drill, despite knowledge of his disabilities, and threatened him with disciplinary action for delaying and interfering with the drill;
M. Spencer was "denied authorization to display placards used to motivate and remind him to attend to his personal hygiene";
N. He was denied access to the law library and refused assistance with obtaining books, instead being insulted for his disabilities;
O. He was inappropriately refused him the single cell accommodations required by his physical and mental disabilities;
P. He was housed in the residential building farthest from all inmate services making it very difficult and painful for him to obtain such services;
S. Spencer was thrown in administrative segregation under false pretenses because a certain officer "did not want a disabled individual with Spencer's disabilities in his building";
W. Defendants denied Spencer's request to be placed in single-

9

none of the twelve claims alleged an actual constitutional violation, and Title II does not "validly abrogate[] [Eleventh Amendment] state sovereign immunity in the prison context for [Title II] claims not based on unconstitutional conduct." Spencer v. Earley, No. 1:01-cv-01578, *16 (E.D. Va. Jan. 30, 2007). Accordingly, the court dismissed Spencer's remaining Title II claims, and this appeal followed.

## II.

We now consider the dismissal of Spencer's claims under § 504 of the Rehabilitation Act. We review the granting of a motion to dismiss de novo. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).[3] The district court summarily dismissed these claims on the

---

occupancy housing and the inmate honor housing program, which provides single-occupancy housing to some non-disabled inmates; X. Defendants penalized Spencer for his inability to complete the Breaking Barriers program despite their refusal to make reasonable accommodations to allow Spencer to participate in the program. J.A. 21-28, 41-51, 83-85.

[3]Although Virginia argues vigorously on appeal that even if Spencer has stated valid claims under § 504 of the Rehabilitation Act they are nevertheless barred by state sovereign immunity, its contentions in this regard are foreclosed by circuit precedent. This court has previously held that state agencies that knowingly and willingly accept clearly conditioned federal funding validly waive their Eleventh Amendment immunity with respect to claims for damages under § 504 of the Rehabilitation Act. Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 495-96 (4th Cir. 2005). Virginia does not dispute that it receives federal funding for its prison system and the programs therein. Thus, Spencer's Rehabilitation Act claims are not barred by the Eleventh Amendment. See id.

grounds that Spencer failed to present arguments in support of them.[4]  Both Appellants, Spencer and the United States, respond that "[b]ecause Title II of the ADA and [§ 504 of] the Rehabilitation Act provide for identical causes of action, all of . . . Spencer's [twelve] claims that made out a prima facie case under [Title II of] the ADA also state a claim under the Rehabilitation Act."  Appellant's Br. at 58.  For the reasons that follow, we agree.

A.

Rule 8(a)(2) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has recently emphasized that the purpose of this rule is to provide the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  Thus, while a complaint comprised solely of labels and conclusions is insufficient to satisfy this rule, specific facts, elaborate arguments, or fanciful language are not necessary.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

---

[4]Although it is not completely clear from the district court's opinion, we assume that the court dismissed Spencer's Rehabilitation Act claims for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

More specifically, the Supreme Court has repeatedly held that in the context of a motion to dismiss, a district court must construe a pro se complaint liberally. Such a complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotations omitted). Dismissal of a pro se complaint such as Spencer's for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (internal quotations omitted) (emphasis added).

Viewing Spencer's complaint under this standard, its dismissal was inappropriate. Spencer plainly provides the defendants with notice of his claims and the grounds therefor. It could scarcely be clearer that he is alleging overlapping disability discrimination claims under § 504 of the Rehabilitation Act and Title II of the ADA, and he sets forth in some detail the alleged conduct giving rise to such claims. For example, Spencer's original complaint is entitled, "Complaint Under Title II of the Americans With Disabilities Act/§ 504 of the Rehabilitation Act of 1973," J.A. 18, and he refers throughout to the defendants' violations of his rights under the "RA," or Rehabilitation Act. See, e.g., J.A. 21, 46. Perhaps the strongest refutation of the

12

district court's conclusion can be found in Claim B of Spencer's complaint, in which he states the following:

> B. (1). Spencer's March 2001 "Institutional Treatment Plan" at [Brunswick Correctional Center] indicated that he needed to complete a so-called "Breaking Barriers" program. Due to Spencer's Disabilities, i.e., memory deficit disorder, cognitive dysfunction, anxiety [and] panic disorder, (others omitted) he is unable to attend a classroom setting, Spencer submitted a request . . . for "reasonable accommodation" under the ADA <u>and RA ([Rehabilitation Act])</u> to borrow the programs books and study them in his cell or a private room, in April 2001. On 4-13-01 by written response to Spencer's ADA/<u>RA</u> reasonable accommodations request to participate in said program, [the Assistant Warden of Programs] <u>illegally discriminates against Spencer and illegally excludes him from said program by reason of his disabilities, by denying him access/accommodation to participate in the program</u>.

J.A. 21 (emphasis added); <u>see</u> § 504 of Rehabilitation Act, 29 U.S.C. § 794(a), (prohibiting exclusion from programs "solely by reason" of one's disabilities). After setting forth evidence supporting the allegation that he was excluded from the program "solely by reason" of his disability, Spencer concludes Claim B by asserting that he was injured as a result of such exclusion and seeking damages and relief of any "type as may be found to be merited after trial." J.A. 21-22. Further, in the amendments to his complaint, Spencer, again, specifically alleges that defendants violated his rights "under the Rehabilitation Act," and repeatedly cites § 504. J.A. 45-47. Thus, we reject the district court's

13

contention that Spencer made "no arguments" under § 504 of the Rehabilitation Act.[5]

Spencer's complaint, with respect to the twelve claims at issue, also contained "enough facts to state a claim to relief [under § 504 of the Rehabilitation Act] that is plausible on its face." Twombly, 127 S. Ct. at 1974. Our conclusion in this regard is reinforced by the district court's finding that those claims successfully alleged violations of Title II of the ADA. Both § 504 of the Rehabilitation Act and Title II of the ADA were enacted, in part, to prohibit public entities from subjecting any person to discrimination on the basis of disability. See Baird v. Rose, 192 F.3d 462, 469 (4th Cir. 1999). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits

---

[5]Curiously, after concluding that "Spencer presented no arguments" under the Rehabilitation Act, the district court, in the same opinion, notes several times that Spencer "allege[s] that defendants' conduct violated . . . § 504 of the Rehabilitation Act." Spencer v. Earley, No. 1:01-cv-01578, *5, 7, 12 (E.D. Va. Jan. 30, 2007) (memorandum opinion).

14

of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

This court has repeatedly held that "[t]he ADA and Rehabilitation Act generally are construed to impose the same requirements," and "[b]ecause the language of the Acts is substantially the same, we apply the same analysis to both." Baird, 192 F.3d at 468 (quoting Doe, 50 F.3d at 1264 n. 9). Thus, although the two statutes have minor differences, in general, a plaintiff seeking recovery under "either statute" must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was "excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of h[is] disability." Constantine, 411 F.3d at 498.

While Spencer may not mention § 504 of the Rehabilitation Act in each of his successfully pleaded Title II claims, he initially states that his claims are brought under both statutes and none of the Acts' established differences are implicated.[6] Thus, the

---

[6]"Despite the overall similarity of . . . Title II of the ADA and § 504 of the Rehabilitation Act, the language of these two statutory provisions regarding the causative link between discrimination and adverse action is significantly dissimilar." Baird, 192 F.3d at 469. However, the failure to show causation was not the basis of the district court's dismissal of Spencer's Rehabilitation Act claims. Spencer's complaint plainly alleges both that he was discriminated against "solely by reason" of his disability, as required by the Rehabilitation Act, and that he was "otherwise qualified" for the program or protection at issue, as required by Title II. We do not hold here that every successfully

15

district court's finding that Spencer successfully pleaded twelve claims under Title II should have foreclosed the blanket dismissal of the same twelve claims brought pursuant to § 504 of the Rehabilitation Act.

### B.

Nonetheless, Virginia contends that the law of the case doctrine precludes our review of the district court's decision regarding Spencer's Rehabilitation Act claims. It asserts that "[b]ecause Spencer did not seek Supreme Court review of the dismissal of the § 504 [of the Rehabilitation Act] claims, these claims are not implicated in the Supreme Court's subsequent decision to grant certiorari, vacate, and remand [this case] to this [c]ourt." Appellee's Br. at 37. Contrary to this assertion, however, the law of the case doctrine cannot pose an insurmountable obstacle to our reaching the conclusion here.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). After the district court's first dismissal of his claims, Spencer appealed them all, including his § 504 claims, to this court. This court, with no independent analysis, summarily affirmed "for the reasons stated by the

pleaded claim under Title II of the ADA necessarily states a valid claim under § 504 of the Rehabilitation Act.

16

district court." See Spencer v. Earley, 88 Fed. Appx. at 600. The Supreme Court granted certiorari, vacated this court's entire opinion, including the decision with respect to § 504 of the Rehabilitation Act, and remanded the case to this court for reconsideration. See Spencer v. Earley, 543 U.S. 1018 (2004). This court, in turn, vacated and remanded the district court's decision. See Spencer v. Earley, No. 037037 (4th Cir. Jan. 20, 2005). Given this procedural history, we are hard-pressed to find any remaining, decided "law of the case" from this court's earlier opinion.[7] Cf. Johnson v. Bd. of Educ. of City of Chicago, 457 U.S. 52, 53-54 (1982) ("Because we have vacated the Court of Appeals' judgments in this case, the doctrine of the law of the case does not constrain either the District Court or, should an appeal subsequently be taken, the Court of Appeals."); Adams v. Aiken, 41 F.3d 175, 179 (4th Cir. 1994) ("Inasmuch as the Supreme Court vacated our judgment, we are not precluded from reconsidering [another issue not affected by the Supreme Court's mandate] in the light of the Court's most recent opinion.").

---

[7]The district court appears to have been operating under the same assumption. Rather than concluding that it was precluded by the law of the case doctrine from considering Spencer's Rehabilitation Act claims, as Virginia contends, the district court merely concluded that its previous ruling on this subject had not been "call[ed] . . . into question," and then proceeded to make findings and, again, issue a ruling on the subject. See Spencer v. Earley, No. 1:01-cv-01578, *5-6 (E.D. Va. Jan. 30, 2007) (memorandum opinion).

17

Assuming for argument's sake, however, that the law of the case doctrine does apply here, it still does not "limit th[is] court's power" to review the dismissal of Spencer's Rehabilitation Act claims.  Castro v. United States, 540 U.S. 375, 384 (2003) (internal quotations omitted).  It is well established that the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (internal citations and quotations omitted).  "A court [therefore] has the power to revisit prior decisions of its own or of a coordinate court in any circumstance," and should readily do so where, as here, "the initial decision was clearly erroneous."  Id. (emphasis added and internal quotations omitted).

Thus, we reverse the district court's decision as to Spencer's Rehabilitation Act claims and remand with instructions to the district court to reinstate the twelve claims found to properly allege violations of Title II of the ADA.[8]  As previously noted, Spencer has abandoned his appeal of the district court's dismissal of his claims under Title II of the ADA.  We therefore decline to answer the constitutional questions implicated in those claims, and

---

[8]We refer here to the claims designated by both Spencer and the district court as claims B, D, F, H, K, M, N, O, P, S, W, and X.

18

instead affirm that portion of the district court's judgment on abandonment grounds.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS.