UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1009

BONNIE DANK,

            Plaintiff - Appellant,

      v.

ERIC SHINSEKI, Secretary, U.S. Department of Veterans
Affairs,

            Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:06-cv-01014-RDB)

Argued:  March 25, 2010              Decided:  April 15, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished opinion.  Judge Duncan wrote the
opinion, in which Judge Agee and Senior Judge Hamilton joined.

**ARGUED:** Thomas J. Gagliardo, THE GAGLIARDO LAW FIRM, Silver
Spring, Maryland, for Appellant.  Jason Daniel Medinger, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.  **ON BRIEF:** Rod J. Rosenstein, United States Attorney,
Larry D. Adams, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Appellant Bonnie Dank brought a claim against the United States Department of Veterans Affairs (the "Department") for disability discrimination under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.[1] During trial, the district court permitted Dank to amend her complaint to allege a violation of section 501 of the Rehabilitation Act[2] instead of section 504. At the conclusion of trial, the district court instructed the jury that under section 501, Dank was required to show that she was discharged solely because of her disability. Dank appeals the jury finding in favor of the Department, arguing that the jury should have been instructed that under section 501 she was merely required to prove that her disability was one of the motivating factors for her discharge. For the reasons that follow, we affirm.

---

[1] Section 504 prohibits programs and activities that receive federal funds from discriminating against an individual "solely by reason of" that individual's disability. 29 U.S.C. § 794.

[2] Section 501 requires federal agencies to implement programs to facilitate the hiring, placement, and advancement of disabled individuals. See 29 U.S.C. § 791. The Supreme Court has interpreted section 501 as prohibiting "discrimination on the basis of disability in employment decisions by the Federal Government." Lane v. Pena, 518 U.S. 187, 193 (1996).

I.

On January 12, 2003, Dank, a psychiatric nurse practitioner, was hired by the Department as a licensed independent practitioner. Her assignment was to provide mental health services to veterans at community-based outreach clinics. At the time of hiring, Dank informed her supervisor, Ron Hopper, that she suffered from multiple sclerosis. Dank expressed concern that the extensive travel requirements of her position could aggravate her medical condition.

In November 2003, Dank fell asleep at the wheel while driving to an assignment at a clinic located two hours away from the Department's main office in Baltimore. Following the incident, Dank contacted supervisory staff at the Department to inform them that her doctor suggested that she no longer travel to that clinic. She also requested an accommodation for her disability. In December 2003, Dank was granted a temporary relocation to another clinic located ten minutes away from the Department's Baltimore office. In March 2004, she was notified that the temporary relocation had been made permanent as an accommodation.

In January 2004, Hopper spoke to several Department staff members to solicit feedback on Dank's performance in preparation for her annual performance review. During this process, Hopper was informed by several employees that Dank had problems in her

interpersonal communications with co-workers. On February 27, 2004, Hopper completed Dank's review pursuant to a proficiency evaluation consisting of fifty-seven criteria. Hopper evaluated Dank as meeting fifty-five of the criteria. However, he noted that Dank "need[ed] improvement" in two criteria labeled "[e]stablishes effective interpersonal relationships" and "[p]romotes an environment of mutual respect and effective communications." J.A. 77.

On March 18, 2004, Hopper received notice that several patients assigned to Dank had requested to be reassigned to a different mental health provider. The patients asserted, among other things, that Dank did not listen to their concerns. Hopper was also informed that Dank had been consistently delinquent in completing office paperwork.

On March 31, 2004, Hopper requested that a Nurse Professional Standards Board proceeding be initiated to determine whether Dank had the requisite interpersonal skills to perform her duties. In his letter to the Board, Hopper explained that he was requesting the proceedings based on Dank's proficiency evaluation, and noted that her ineffective interpersonal skills were disruptive to the areas to which she was assigned. Following a review and hearing, the Board concluded that "Ms. Dank's interpersonal skills have not been at the level of an Advanced Nurse Practitioner" and recommended

4

"separation from Federal service." J.A. 67. The Department formally terminated Dank's employment in July 2004.

On April 21, 2006, Dank brought a complaint against the Department in the United States District Court for the District of Maryland. The complaint alleged, inter alia, that the Department "discriminated against and harassed [her] on the basis of her disability," J.A. 24, in violation of section 504, which, as the complaint specified, "prohibit[s] the defendant from discriminating against an employee . . . solely by reason of her . . . disability," J.A. 23 (internal quotations omitted). The case proceeded to trial on October 20, 2008.

On the third day of trial, the last day on which the parties presented evidence, Dank moved to amend her complaint to allege a violation of section 501 of the Rehabilitation Act instead of section 504. According to Dank, the former required her to show only that her disability played a factor in the Department's decision while the latter required her to show that she was discharged "solely by reason of" her disability. 29 U.S.C. § 794. She reasoned that, unlike section 504, which specifically contains the "solely by reason of" standard, section 501 contains no such language and instead generally adopts the standard of proof established by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., which merely requires a showing that disability was one of the motivating

factors behind the defendant's actions. The Department argued in response that the "solely by reason of" standard applied to all claims brought by government employees under the Rehabilitation Act. The court agreed with the Department but nonetheless granted the amendment, finding that, "[b]ased upon the government's argument" that the standards of proof for sections 501 and 504 were the same, "there really [was] no prejudice to permit the amendment."[3] J.A. 175.

The court instructed the jury that, to succeed in her Rehabilitation Act claim, Dank was required to prove that she was "terminated solely because of the disability." J.A. 133. Based on this instruction, the jury returned a verdict against Dank. This appeal followed.

## II.

On appeal, Dank challenges the jury instruction. She argues that the district court should have instructed the jury that, under section 501, she was merely required to prove that her disability was one of the motivating factors behind her discharge. She asserts that the court erred in concluding that

---

[3] In addition to referring to the government's argument on the issue, the court itself also found that any Rehabilitation Act claim brought by a federal employee was subject to the "solely because of" standard. See J.A. 176-80.

6

the "solely by reason of" standard of section 504 applied also to her amended claim under section 501.

We "review de novo claims that the jury instructions failed to correctly state the law." Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 484 (4th Cir. 2007). "A judgment will be reversed for error in jury instructions only if the error is determined to have been prejudicial, based on a review of the record as a whole." Abraham v. County of Greenville, 237 F.3d 386, 393 (4th Cir. 2001) (internal quotations omitted).

The question of whether the "solely by reason of" standard applies to section 501 claims is far from settled.[4] We need not,

---

[4] In concluding that the standards for both sections are the same, the district court relied on two unpublished cases from this circuit, Spencer v. Earley, 278 F. App'x 254 (4th Cir. 2008), and Edmonson v. Potter, 118 F. App'x 726 (4th Cir. 2004), which it interpreted as setting out the "solely by reason of" standard for all Rehabilitation Act claims. See J.A. 177-79. However, neither of those cases specifies the standard for section 501 nor addresses the issue of whether it is a different standard from that applicable to section 504. Although both cases apply the "solely by reason of" standard, Spencer addresses a claim brought under section 504 and Edmonson does not specify the section under which the claim was brought.
The Fifth Circuit, the only circuit to have squarely addressed the issue, has found that, unlike section 504, section 501 requires only that disability be a motivating factor behind the employment action. See Pinkerton v. Spellings, 529 F.3d 513, 515-19 (5th Cir. 2008). However, other courts continue to apply the "solely by reason of" standard to claims raised under section 501 and to Rehabilitation Act claims in general. See Adams v. Rice, 531 F.3d 936, 944 (D.C. Cir. 2008) (noting in a case brought under section 501 that "the State Department could
(Continued)

7

however, resolve it here because it would not affect the result. If the standard does apply to section 501, then the court instructed the jury correctly. If it does not, the district court erred in granting Dank's mid-trial amendment imposing a stricter standard on the Department. Accordingly, any mistake in the court's finding regarding the standard for section 501 does not merit reversal. See id.

The court's order allowing Dank to amend raises two concerns. First, regardless of the appropriate standard, the court appeared to have lacked authority under the Federal Rules of Civil Procedure to consider a mid-trial amendment because such amendment was not properly triggered by the parties.[5] Second, even assuming that the court had the authority to consider the amendment, if the standards for sections 501 and 504 indeed differ, the amendment was improperly prejudicial.

---

not have discriminated against [plaintiff] 'solely by reason of her . . . disability,' 29 U.S.C. § 794(a), given that her 'impairment' had already been eradicated"); see also Nadler v. Harvey, No. 06-12692, 2007 WL 2404705, at *4 (11th Cir. Aug. 24, 2007) (finding in a case brought under both sections 501 and 504 that "[t]he Rehabilitation Act prohibits federal agencies from discriminating against any otherwise qualified individual with a disability solely by reason of his or her disability").

[5] Although the Department did not raise this issue, it is well settled that "[w]e are . . . entitled to affirm on any ground appearing in the record." Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003).

The district court stated that it was granting the amendment pursuant to Federal Rule of Civil Procedure 15(b)(1). An amendment under that rule is triggered by an objection made by the parties:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. . . .

Fed. R. Civ. P. 15(b)(1). In this case, it does not appear from the record that either party "object[ed] that evidence [was] not within the issues raised in the pleadings," thereby triggering application of the rule.[6] Id. In fact, in the discussion regarding the amendment, neither party made any reference to the evidence presented. Instead, the reason for Dank's request for an amendment was that she became aware that the court planned to use the "solely by reason of" standard in its jury instructions. Dank's position was that she had been proceeding under section

_____

[6] At oral argument, counsel for Dank conceded that neither party made such an objection. He explained that, because the evidence presented under either section of the Rehabilitation Act would have been the same, there was no reason for either party to suggest that the evidence did not conform to the pleadings regardless of the section pled. He argued instead that the amendment must have been granted under Federal Rule of Civil Procedure 15(b)(2). However, that argument is clearly contradicted by the court's statement that it was "not proceeding under Section 15(b)(2)." J.A. 175.

9

501 all along, even in the pleadings. She argued that the reference to section 504 in her complaint was a "miscite." J.A. 146. The court rejected this explanation, stating that there was "nothing in the matter of a miscite" because Dank specifically quoted section 504 and did not mention section 501 in her complaint. J.A. 146-47. The court nonetheless granted the amendment "[b]ased upon the government's argument" that the standards of proof for sections 501 and 504 were the same, finding that "there really [was] no prejudice to permit the amendment." J.A. 175.

Because there was never a triggering objection to any evidence "not within the issues raised in the pleadings," there was no apparent justification for the application of Rule 15(b)(1). Fed. R. Civ. P. 15(b)(1). The court made clear that it was not proceeding under Rule 15(b)(2), the only other possible ground for granting a mid-trial amendment under Rule 15. See J.A. 175. Therefore, it appears that the amendment was improperly considered by the district court.

However, even if a party's objection had triggered the application of Rule 15(b)(1), the grant of the amendment would still be in error if, as Dank argues, the legal standards for sections 501 and 504 differ. As the court made clear, it granted the amendment based solely on its conclusion that the standards of proof for both sections were identical, and that

10

any amendment would therefore not prejudice the Department. If the standard of proof for section 501 was different, and, indeed, more stringent for the Department, the amendment would have changed the character of the case and would have clearly prejudiced the Department's "defense on the merits." Fed. R. Civ. P. 15(b)(1).

The prejudice here is especially evident given that Dank moved for the amendment on the last day on which the parties presented evidence, thereby denying the Department any opportunity to amend the presentation of the case. See Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94 (2d Cir. 2000) ("Generally, introducing new claims for liability on the last day of trial will prejudice the defendant."). The precedent in this circuit supports this position. In Deasy v. Hill, 833 F.2d 38, 42 (4th Cir. 1987), we explained that an amendment shortly before trial would be prejudicial because "[t]he proof required to defend against this new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary" and noted that "[b]elated claims which change the character of litigation are not favored." Although Deasy looked at prejudice in the context of pre-trial amendments, its rationale applies with even greater force to mid-trial amendments. It is clear, therefore, that, if the standards for section 501 and section 504 indeed differ, the

amendment would have been erroneously granted in this case because it would have significantly prejudiced the Department.

Accordingly, even assuming that the court instructed the jury on the standard for section 504 rather than the standard for section 501, Dank suffered no prejudice because, given the impropriety of the amendment, she was only entitled to proceed under section 504. She was therefore required to show, as the court instructed, that she was discharged solely because of her disability. Therefore, any error in the court's finding that the "solely by reason of" standard applies also to claims under section 501 was not prejudicial on these facts.

III.

For the reasons stated above we

AFFIRM.

12